# EXHIBIT A

Electronically Filed
3/19/2021 1:47 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
MATTHEW W. HOFFMANN, ESQ.
Nevada Bar No. 9061
JOHN F. BEMIS, ESQ.
Nevada Bar No. 9509
ATKINSON WATKINS & HOFFMANN, LLP
10789 W. Twain Ave., Suite 100
Las Vegas, NV  89135
Telephone: 702-562-6000
Facsimile: 702-562-6066
Email: mhoffmann@awhlawyers.com
Email: jbemis@awhlawyers.com
*Attorneys for Plaintiff*

CASE NO: A-21-831438-C
Department 1

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| KATHLEEN LISBETH MIERAU, an individual;<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSON'S, LLC d/b/a ALBERTSONS, a Foreign Limited-Liability Company; DOE EMPLOYEE I; DOES I through X, inclusive; and ROE CORPORATIONS I through V, inclusive;<br><br>Defendants. | CASE NO.:<br>DEPT. NO.:<br><br><br>**COMPLAINT** |

COMES NOW, Plaintiff, KATHLEEN LISBETH MIERAU, by and through her counsel of record, ATKINSON WATKINS & HOFFMANN, LLP, and for her Complaint on file herein alleges as follows:

I.

**GENERAL ALLEGATIONS**

1. That at all times relevant hereto, Plaintiff, KATHLEEN LISBETH MIERAU (hereinafter referred to as "Plaintiff"), is, and at all times relevant herein was residing in Clark County, Nevada.

2. That at all times relevant hereto, Defendant ALBERTSON'S, LLC d/b/a ALBERTSONS (hereinafter "Defendant/Defendant ALBERTSONS"), is and was a Foreign

Limited-Liability Corporation, and/or licensed to conduct business in Clark County, Nevada, and that the true names and capacities, whether individual, corporate, association, or otherwise of the Defendants, DOES I through X, and/or ROE CORPORATIONS I though V, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.

3. That at all times relevant hereto, Defendant DOE EMPLOYEE I is believed to be an agent, servant, and/or employee of Defendant ALBERTSONS, and was residing in Clark County, Nevada.

4. That the identities of the Defendants, DOES I through X, inclusive, and ROE CORPORATIONS I through V, inclusive, are unknown at this time and may be individuals, partnerships or corporations. Plaintiff alleges that each of the Defendants designated herein as DOE and ROE are responsible in some manner for the damages herein alleged.  Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their identities become known.

5. That the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.

6. At all times mentioned, Defendant ALBERTSONS was the owner and/or controller of the premises and common areas at or near 4850 W. Craig Rd., Las Vegas, Nevada 89130, more commonly known as ALBERTSONS.

7. That on or about March 17, 2020, Plaintiff was a patron at the property owned and/or controlled by Defendant.

8. That on or about March 17, 2020, Plaintiff was retrieving a shopping cart on Defendant's premises when suddenly DOE EMPLOYEE I, while in the course and scope of their employment and/or agency with Defendant ALBERTSONS, negligently and carelessly pushed in additional carts and hit Plaintiff from behind.

9. That on or about March 17, 2020, Plaintiff, as a result of the incident, sustained severe injuries.

10. That on or about March 17, 2020, Defendants, and/or their employees and/or agents while in the course and scope of their employment and/or agency, negligently failed to control,

operate, supervise, monitor, and maintain their premises in a safe and reasonable manner.

## II.
## FIRST CLAIM FOR RELIEF
### (Negligence)

11.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 10 hereinabove and incorporates the same by reference as though fully set forth herein.

12.     At all times relevant herein, Plaintiff's injuries were the direct and proximate result of the negligent conduct of DOE EMPLOYEE I who was an agent, servant and/or employee of Defendant ALBERTSONS, and at all times herein mentioned, was acting within the scope of employment with the knowledge, permission and consent of their employer(s), Defendant ALBERTSONS. Therefore, Defendant ALBERTSONS is responsible and liable for all of its employee's and/or agent's negligent conduct set forth herein under the theory of respondeat superior.

13.     Defendants owed Plaintiff a duty to control, operate, supervise, monitor, and maintain their premises in a safe and reasonable manner.

14.     Defendants breached their duty when DOE EMPLOYEE I, while in the course and scope of their employment and/or agency with Defendant ALBERTSONS, negligently and carelessly pushed in additional carts and hit Plaintiff from behind.

15.     As a direct and proximate result of Defendants' and/or their employees' and/or agents' conduct, Plaintiff was seriously injured and caused to suffer great pain of body and mind, some of which conditions are permanent and disabling all to her general damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

16.     As a further direct and proximate result of Defendants' and/or their employees' and/or agents' conduct and negligence, Plaintiff has incurred expenses for medical care and treatment and will incur expenses for future medical care and treatment in an amount to be proven at trial.

17.     As a further direct and proximate result of Defendants' and/or their employees' and/or agents' conduct and negligence, Plaintiff has and will continue to incur into the future pain

and suffering and emotional distress, in an amount in excess of $15,000.00.

18. Plaintiff has been required to obtain services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

### III.
### SECOND CLAIM FOR RELIEF
**(Negligent Hiring/Training/Supervision Against Defendant ALBERTSONS)**

19. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 18 hereinabove and incorporates the same by reference as though fully set forth herein.

20. Defendant ALBERTSONS had a duty to exercise due care in the selection, training, supervision, oversight, direction, retention and control of its employees and/or agents, retained by it. Defendant ALBERTSONS held a duty of hiring, training, supervising, and enforcing policies and procedures in compliance with State law.

21. Defendant ALBERTSONS breached the above-referenced duties when they negligently, carelessly, and recklessly hired, trained, supervised, oversaw, directed, and/or retained DOE EMPLOYEE I.

22. As a direct and proximate result of Defendants' and/or their employees' and/or agents' conduct, Plaintiff was seriously injured and caused to suffer great pain of body and mind, some of which conditions are permanent and disabling all to her general damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

23. As a further direct and proximate result of Defendants' and/or their employees' and/or agents' conduct and negligence, Plaintiff has incurred expenses for medical care and treatment and will incur expenses for future medical care and treatment in an amount to be proven at trial.

24. As a further direct and proximate result of Defendants' and/or their employees' and/or agents' conduct and negligence, Plaintiff has and will continue to incur into the future pain and suffering and emotional distress, in an amount in excess of $15,000.00.

25. Plaintiff has been required to obtain services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

## IV.
## THIRD CLAIM FOR RELIEF
**(Negligent Infliction of Emotional Distress)**

26. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 25 hereinabove and incorporates the same by reference as though fully set forth herein.

27. At all times relevant herein, Plaintiff's injuries were the direct and proximate result of the negligent conduct of DOE EMPLOYEE I who was an agent, servant and/or employee of Defendant ALBERTSONS, and at all times herein mentioned, was acting within the scope of employment with the knowledge, permission and consent of their employer(s), Defendant ALBERTSONS. Therefore, Defendant ALBERTSONS is responsible and liable for all of its employee's and/or agent's negligent conduct set forth herein under the theory of respondeat superior.

28. Defendants had a duty to use reasonable care to avoid causing emotional distress to Plaintiff.

29. Defendants breached their duty when DOE EMPLOYEE I, while in the course of their employment and/or agency with Defendant ALBERTSONS, negligently and carelessly pushed in additional carts and hit Plaintiff from behind.

30. As a direct and proximate result of Defendants' and/or their employees' and/or agents' conduct, Plaintiff was seriously injured and caused to suffer great pain of body and mind, some of which conditions are permanent and disabling all to her general damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

31. As a further direct and proximate result of Defendants' and/or their employees' and/or agents' conduct and negligence, Plaintiff has incurred expenses for medical care and treatment and will incur expenses for future medical care and treatment in an amount to be proven at trial.

32. As a further direct and proximate result of Defendants' and/or their employees' and/or agents' conduct and negligence, Plaintiff has and will continue to incur into the future pain and suffering and emotional distress, in an amount in excess of $15,000.00.

1     33.     Plaintiff has been required to obtain services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays for Judgment of this Court as follows:

1.     General damages in excess of $15,000.00;

2.     Special damages in excess of $15,000.00;

3.     Attorneys' fees and costs herein;

4.     For such further relief as the Court deems proper.

DATED this __19th__ day of March, 2021.

        ATKINSON WATKINS & HOFFMANN, LLP

        */s/ Matthew W. Hoffmann, Esq.*
        MATTHEW W. HOFFMANN, ESQ.
        Nevada Bar No. 9061
        JOHN F. BEMIS, ESQ.
        Nevada Bar No. 9509
        10789 W. Twain Ave., Suite 100
        Las Vegas, NV  89135
        *Attorneys for Plaintiff*